JACOB ROTHSCHILD and Others, as Executors and Trustees under the Last Will and Testament of SIMON GOLDENBERG, Deceased, Appellants, *v.* MARY GOLDENBERG and Others, Respondents.

*Striking out the name of a defendant from an action, on his own motion — not proper where an adjudication is sought as to his rights in a decedent's estate — resignation of a trust.*

The executors of a will brought an action to procure a construction thereof, and particularly of a certain paragraph by which the testator gave the remainder of his estate to certain persons to establish a charitable or educational institution. Two of such persons, after serving answers in the action, renounced the trust vested in them by the will and, upon the acceptance by the court of their resignations, moved for an order amending the summons and all the pleadings by striking out their names.

*Held,* that the motion, which was opposed by the plaintiffs, should have been denied, especially as the question, whether the resignations of the moving parties deprived them of the title vested in them by the will, was a very serious one.

*Semble,* that the name of a person, who was a proper party defendant at the time the action was commenced and has answered therein, cannot be stricken out of the pleadings on his own motion, under section 723 of the Code of Civil Procedure, against the consent of the plaintiff, when such act puts it out of the plaintiff's power to obtain an adjudication as to the rights in a decedent's estate of the party who asks that his name be so stricken out.

APPEAL by the plaintiffs, Jacob Rothschild and others, as executors and trustees under the last will and testament of Simon Goldenberg, deceased, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of January, 1901, amending the summons and pleadings in the action by striking therefrom the names of Julius Goldman and M. Warley Platzek as parties defendant in the action.

*John J. Crawford,* for the appellants.

*Jacob Steinhardt,* for the respondents Goldman and Platzek.

*G. D. B. Hasbrouck,* for the Attorney-General.

RUMSEY, J.:

This action was orought by the executors of Simon Goldenberg to procure a construction of his will, and particularly of a certain

paragraph by which the rest, residue and remainder of the estate was given to certain persons of whom the respondents are two, to create some charitable or educational institution in the city of New York. The two respondents to whom this portion of the estate of the testator was devised, answered in the action, setting up various defenses which it is not necessary to consider here, but insisting upon the validity of the clause of the will, the construction of which is sought. After these answers had been served, for some reason these two gentlemen saw fit to renounce the trust vested in them by that clause of the will, and thereupon they filed a petition with the court asking that their resignations might be accepted, which was done. They then moved upon notice for an order amending the summons and all the pleadings by striking out their names. This motion was granted, and from the order thereupon entered this appeal is taken.

When this action was begun these two respondents had title, either individually or as trustees, to the residuary estate under Simon Goldenberg's will, and their presence as parties plaintiff or defendant was absolutely necessary for a determination of their rights, and to warrant the action of the court in establishing the trust under section 93 of the Real Property Law. Whether the effect of their renunciation and resignation was to deprive them of the title which had vested in them in the absence of an adjudication of the court as to the nature of that title, is a very serious question. It surely was one which the plaintiffs had a right to have determined by this court. If these persons were not parties to the action, they were, of course, not bound by any judgment which might be entered; and if their resignation was invalid and they still retained some right because they were named as devisees under the residuary clause of the will, it is very clear that any determination which might be made would be burdened with the uncertainty which would always exist until they had been brought in as parties and their rights adjudicated. Their renunciation, therefore, did not make it any the less important that they should be parties to the action. As they were properly served and had answered in the action, we are not aware of any rule of law which would enable the court to strike their names out as parties defendant in the action.

It is quite true that section 723 of the Code of Civil Procedure

gives the court power in a proper case to amend a pleading by striking out the name of a party, but that is not to be done when that action puts it out of the power of an adverse party to the action to have an adjudication of the rights of the one whose name is stricken out.

It is not necessary to consider the circumstances under which it would be proper to strike out the names of persons as defendants under that section of the Code. It is sufficient to say that if at the beginning of the suit the person in question is a proper defendant, whose rights or claims should be determined in the action, he cannot be stricken out upon a mere motion, against the consent of him who has brought him into court to have those rights fixed.

For these reasons the order appealed from must be reversed, with ten dollars costs and disbursements, and the motion to strike out the names of these parties denied, with ten dollars costs.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and HATCH, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.